UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE CITY DIVISION
3:12-cv-470-FDW
(3:07-cr-61-FDW-5)

| | |
|---|---|
| **LORENZO LEE JOHNSON,** )<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>)<br>**Respondent.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255, (Doc. No. 1), and on his Supplemental Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 5). For the reasons that follow, the Court denies and dismisses the Motion to Vacate and the Supplemental Motion to Vacate. Furthermore, the Court finds that Petitioner is not entitled to relief under any of his alternative grounds for relief.

**I. BACKGROUND**

On March 27, 2007, Petitioner and nineteen other Defendants were named in a 48-count Sealed Bill of Indictment filed in this Court. (3:07-cr-61, Doc. No. 3: Sealed Indictment). On March 29, 2007, the Government filed a Notice of Intention to Seek Enhanced Penalties pursuant to 21 U.S.C. §§ 841 and 851. (Id., Doc. No. 24). On October 1, 2007, Petitioner pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute cocaine base, cocaine, marijuana, and ecstasy, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 851. (Id.,

-1-

Doc. No. 199: Plea Agreement; Doc. No. 406: Judgment). In exchange for the concessions made by the Government in the plea agreement, Petitioner agreed to waive his rights to contest the conviction and/or sentence in any post-conviction proceeding, except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Id., Doc. No. 199 at ¶ 21). Petitioner entered his plea of guilty at a Rule 11 hearing before a magistrate judge, in which he stated, under oath, that he understood the charges against him, that he understood the terms of his plea agreement, and that he agreed to waive his rights to appeal or collaterally attack his conviction or sentence in a post-conviction proceeding. See (Id., Doc. No. 217: Acceptance and Entry of Guilty Plea).

On December 9, 2008, the Court sentenced Petitioner to 240 months' imprisonment. (Id., Doc. No. 406: Judgment). Judgment was entered on January 5, 2009, and Petitioner did not appeal. On December 20, 2011, Petitioner filed a Motion to Reduce Sentence pursuant to the crack cocaine amendments. (Id., Doc. No. 563). On May 14, 2012, the Court entered an Order denying Petitioner's Motion for Reduction of Sentence. (Id., Doc. No. 597).

On July 24, 2012, Petitioner placed the instant § 2255 motion in the prison system for mailing, and it was stamp-filed in this Court on July 30, 2012. In the motion to vacate, Petitioner contends that he is entitled to relief under the Fourth Circuit's en banc decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner contends that the Fourth Circuit's holding in Simmons demonstrates that his prior drug convictions did not qualify him for a recidivist enhancement under 21 U.S.C. § 841.[1] (3:07-cr-61-FDW-5, Doc. No. 1 at 4).

---

[1] More specifically, Petitioner contends in his Supplemental Motion to Vacate that, at the time of his sentence, Petitioner did not have the requisite prior felony drug offense conviction necessary to trigger the mandatory minimum sentence of 240 months under 21 U.S.C. § 841(b)(1)(A). Petitioner notes that the convictions used to enhance Petitioner's sentence were two prior North Carolina convictions for possession of cocaine and possession with intent to

On April 3, 2013, Petitioner, represented by the Federal Defenders Office, filed a Supplemental Motion to Vacate, in which Petitioner seeks alternative relief under 28 U.S.C. § 2241, and under the writs of error coram nobis and audita querela.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

sell/deliver cocaine, for which Petitioner could not have served more than one year in prison. See (Doc. No. 5 at 2). Initially, the statutory range was mandatory life imprisonment. The Government withdrew one of these § 851s, resulting in a statutory range of 20 years to life imprisonment. See (3:07-cr-61, Doc. No. 376: Sealed Motion).

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's judgment became final on January 15, 2009, when his time to appeal expired. FED. R. APP. P. 4(b)(1)(A)(i)(2008); Clay v. United States, 537 U.S. 522, 527 (2003). Because Petitioner did not file his motion to vacate until on or around July 24, 2012, his motion is untimely under § 2255(f)(1). Petitioner concedes that he did not file the § 2255 petition within one year of the date on which his conviction became final. Petitioner argues, however, that the petition is timely under § 2255(f)(4), which provides that a petition may be filed within one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner asserts that the holding in Simmons that the predicate felony used to support his enhanced sentence is no longer a qualifying felony constitutes a new "fact," triggering the re-opening of the one-year time period. "Facts" as used in § 2255(f)(4), however, refers to an actual or alleged event or circumstances, not to the date a petitioner recognizes its legal significance. See United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005). Section 2255(f)(4), therefore, may not be used to re-open the time period for filing an initial § 2255 petition on the basis of new legal authority; rather "subsequent interpretations of the law 'can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3).'" Sun Bear v. United States, 644 F.3d 700, 702 n.5 (8th

Cir. 2011) (en banc) (quoting district court opinion).

Petitioner does not allege that he recently discovered any new facts pertinent to his claim for relief under Simmons. Instead, Petitioner relies entirely on the change in the law that Simmons recognized. Because § 2255(f)(4) does not serve to re-open the time period for filing an initial § 2255 under these circumstances, it does not render Petitioner's motion timely. Accord McLeod v. United States, No. 5:12cv622, 2013 WL 831633 (E.D.N.C. Mar. 6, 2013) (petitioner's motion to vacate seeking Simmons relief was not timely under § 2255(f)(4)). In sum, Petitioner's motion to vacate is time-barred. Even if the Court were to apply equitable tolling to Petitioner, he would still not be entitled to Simmons relief because he received a sentence that was within the statutory maximum sentence allowed. See United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012).

As the Court noted previously, in a Supplement to the Motion to Vacate, Petitioner asserts 28 U.S.C. § 2241 and the writs of error coram nobis and audita querela as alternative grounds for relief from Petitioner's sentence. Petitioner is not entitled to a reduction in his sentence under any of these alternative forms of relief. First, as to potential relief under 28 U.S.C. § 2241, a petitioner seeking to attack his conviction or sentence must file a motion under Section 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "inadequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct

appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Here, Petitioner does not challenge the legality of his conviction; rather, he challenges his sentence, which he contends was based on prior state court convictions that were wrongly used to enhance his sentence. As Petitioner is challenging his sentence only, he has failed to demonstrate that pursuit of relief through § 2255 is inadequate.

Petitioner also seeks relief under the writ of error coram nobis or a writ of audita querela. Coram nobis relief is only available when all other grounds for relief are inadequate and where the defendant is no longer in custody. In re Daniels, 203 Fed. App'x 442, 443 (4th Cir. 2006) (unpublished); United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). Petitioner is in custody and has, or had, an available post-conviction avenue of relief under § 2255(f)(1). Audita querela relief is only available to "plug a gap in the system of federal postconviction remedies," United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992). Here, § 2255 was in fact available, "leaving no gap to plug." United States v. Bennett, Nos. 3:10cr84, 3:12cv524, 2013 WL 170333, at *12 (W.D.N.C. Jan. 16, 2013). Thus, Petitioner has no relief under the writs of error coram nobis or audita querela.

In addition to the fact that the § 2555 petition is time-barred, Petitioner's Simmons claim is subject to dismissal because he waived his right to bring this challenge in his plea agreement. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the

waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same). Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. His petition does not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies, and his motion to vacate would be subject to dismissal even if it were not time-barred. Additionally, Petitioner's alternative grounds for relief are subject to dismissal for the same reason.

IV.     **CONCLUSION**

For the foregoing reasons, the Court dismisses Petitioner's § 2255 petition as untimely. Furthermore, Petitioner is not entitled to relief as to any of his alternative forms of relief.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and his Supplemental Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 5), are both **DENIED** and **DISMISSED** as untimely. Furthermore, Petitioner is not entitled to relief under any of his alternative theories.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 8, 2013

Frank D. Whitney
United States District Judge