UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-470-FDW
(3:07-cr-61-FDW-5)

| | | |
|---|---|---|
| LORENZO LEE JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's Supplemental Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 5), following remand from the Fourth Circuit Court of Appeals.

I.  BACKGROUND

On March 27, 2007, Petitioner was indicted by the Grand Jury for the Western District of North Carolina and charged with conspiracy to possess with intent to distribute and to distribute powder and crack cocaine, marijuana, and Ecstasy, in violation of 21 U.S.C. § 846, among other offenses. (Crim. No. 3:07-cr-61-FDW-5, Doc. No. 3: Sealed Indictment). Two days after Petitioner was indicted, the Government filed a notice in accordance with 21 U.S.C. § 851, notifying Petitioner and this Court that the Government intended to seek an enhanced sentence based on Petitioner's two prior felony drug-trafficking convictions for possession of cocaine and possession with intent to sell and deliver cocaine. (Id., Doc. No. 24: Information to Establish Prior Conviction). Neither of these prior convictions was punishable by more than one year in prison.

1

Petitioner pled guilty to the drug-trafficking conspiracy offense, in accordance with a plea agreement with the Government, in which the parties also agreed that Petitioner was responsible for 160 grams of crack. (Id., Doc. No. 199 at 2: Plea Agreement). Although the Government agreed to seek an enhanced sentence based on only one of Petitioner's two prior drug-trafficking convictions, Petitioner was still subject to a statutory mandatory minimum of 240 months in prison, and that was the sentence imposed by this Court. (Id., Doc. No. 406: Judgment). Without the statutory mandatory minimum term of life in prison, Petitioner faced a Sentencing Guidelines range of imprisonment of between 168 and 210 months. (Id., Doc. No. 381 at 17: PSR). This Court entered its judgment on January 6, 2009, and Petitioner did not appeal.

Three and a half years later, on July 30, 2012, Petitioner filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255, seeking relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). This Court dismissed Petitioner's motion sua sponte as untimely on April 9, 2013. The Court also declined to issue a certificate of appealability, but Petitioner filed a notice of appeal on April 22, 2013. While this case was pending on appeal, the Government changed its position as to Petitioner's eligibility for relief under Simmons. The Government sought a remand from the Fourth Circuit in order to waive the limitations period that would ordinarily bar Petitioner's late-filed motion to vacate and permit this Court to consider Petitioner's eligibility for relief on the merits. On January 29, 2014, the Fourth Circuit granted the Government's motion to remand and remanded the action to this Court for further proceedings. On June 3, 2014, this Court directed the Government to file a memorandum supporting its position on remand, and the Government has now filed its memorandum, in which the Government states that it is waiving the one-year statute of

limitations and that Petitioner is entitled to be resentenced in light of Simmons.

## II. DISCUSSION

Ordinarily, a Section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Petitioner's Section 2255 motion was filed more than one year after the judgment against him became final, and it is therefore untimely. The Government has, however, waived the one-year limitations period so the Court can address the motion to vacate on the merits.[1]

Section 851 of Title 21 provides for enhanced sentences based on any prior "felony drug offense." 21 U.S.C. § 851. That term is defined in Section 802(44) as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." In Simmons, the Fourth Circuit held than an offense qualifies as a "felony drug offense" for purposes of Section 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. Thus, under Simmons, for purposes of a qualifying predicate conviction under Section 841(b)(1), a prior conviction is not "punishable for a term exceeding one year" unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act. Moreover, the Fourth Circuit Court of Appeals has held that Simmons is

---

[1] The Government states that it is also declining to enforce the waiver in Petitioner's plea agreement of the right to bring his claim for relief under Simmons.

retroactive to cases on collateral review. See Miller v. United States, 735 F.3d 141 (4th Cir. 2013).

As Respondent notes, Petitioner's sentence was enhanced based on prior state court convictions for which Petitioner could not have received more than one year in prison under the North Carolina Structured Sentencing Act. Specifically, this Court enhanced Petitioner's sentence based on his prior convictions for felony possession of cocaine and for possession with intent to sell and deliver cocaine, under North Carolina General Statutes § 90-95(a). The most serious of these offenses was classified as a Class H felony and, based on Petitioner's prior record level of II, under the North Carolina Structured Sentencing Act, N.C. GEN. STAT. § 15A-1340.17(c) and (d), the highest sentence Petitioner could have received was 10 months. Accordingly, Petitioner could not have received a sentence of more than one year in prison based on these convictions under North Carolina law.

Respondent states that it concedes that, although Jones and Harp were still good law when this Court sentenced Petitioner, Petitioner no longer has a qualifying predicate felony under Simmons because neither of the underlying predicate convictions carried a sentence of more than one year. Respondent further notes that, with respect to Petitioner's claim for relief in this proceeding, in Hicks v. Oklahoma, 447 U.S. 343 (1980), the Supreme Court held that the Due Process Clause is violated when the sentencing court is erroneously deprived of discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence. Id. at 346. Here, Petitioner faced a mandatory minimum sentence of 240 months based on his prior felony convictions. Respondent states that Petitioner was, therefore, sentenced in violation of the due process clause as established in Hicks, and he should be resentenced without application of a 240-month mandatory minimum sentence.

This Court finds that because Respondent has expressly waived the one-year limitations period and has requested that this Court resentence Petitioner, this Court will grant the motion to vacate, and Petitioner shall be resentenced without enhancements based on his prior drug convictions.

### III. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate.

**IT IS, HEREBY, ORDERED** that:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **GRANTED**;

(2) The United States Probation Officer shall prepare a supplemental presentence report;

(3) The United States Marshal shall cause the Petitioner to be transported back to the Western District of North Carolina for resentencing;

(4) The Clerk of Court shall schedule a resentencing hearing for the Petitioner; and,

(5) The Clerk of Court will certify copies of this Order to the United States Marshal and the United States Probation Office.

Signed: November 20, 2014

Frank D. Whitney
Chief United States District Judge